OPINION
Defendant, Kenneth R. Spencer, appeals from a judgment of the court of common pleas classifying him a sexual predator pursuant to R.C. 2950.09(B).
In 1992, Spencer entered a plea of guilty to Sexual Battery, R.C.2907.03(A)(5). The charge arose from a series of sexual encounters between Spencer and his adopted daughter, who was eleven years of age. The trial court sentenced Spencer to a term of incarceration of from four to ten years.
Proceedings were commenced early in 2000 to determine whether Spencer should be classified a sexual predator. A hearing was held on March 31, 2000. Several documents were introduced as joint stipulations. The State offered no evidence otherwise. Spencer offered his own testimony. On April 7, 2000, the trial court entered a judgment classifying Spencer a sexual predator pursuant to R.C. 2950.09(B), and it ordered him to so register pursuant to R.C. 2950.03(A)(1). The court also ordered community notification pursuant to R.C. 2950.09.
Spencer filed a timely notice of appeal. He now presents a single assignment of error.
 ASSIGNMENT OF ERROR THE FINDING THAT APPELLANT WAS A SEXUAL PREDATOR SHOULD BE REVERSED BECAUSE THE EVIDENCE TO SUPPORT THAT FINDING WAS INSUFFICIENT AND, IN ADDITION, THE FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 Sufficiency of the evidence is a legal standard applied to determine whether the evidence is legally sufficient to support a judgment as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380. Weight of the evidence concerns the inclination of the greater amount of credible evidence to support one side of the issue rather than the other. Id.. "Weight is not a question of mathematics, but depends on its effect in inducing belief." Id., at p. 387.
A sexual predator is a person (1) who has been convicted of a sexually oriented offense and (2) who is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). The existence of both elements must be proved by clear and convincing evidence in order for the court to classify a person a sexual predator. R.C. 2950.09(B)(3). Clear and convincing evidence is "the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved." State v. Ingram (1992), 82 Ohio St.3d 341,346.
Sexually-oriented offenses are defined statutorily by R.C. 2950.01(D), and Sexual Battery is defined by division (1) of that section as a sexually oriented offense. The further issue the trial court was required to determine, and the subject of the error that Defendant-Appellant has assigned, is whether he is likely in the future to commit one or more sexually-oriented offenses.
The General Assembly announced its purpose in requiring sexual predator registration in R.C. 2950.02(A), stating, inter alia, that:
 (1) If the public is provided adequate notice and information about sexual predators, habitual sex offenders, and certain other offenders who commit sexually oriented offenses, members of the public and communities can develop constructive plans to prepare themselves and their children for the sexual predator's, habitual sex offender's, or other offender's release from imprisonment, a prison term, or other confinement. This allows members of the public and communities to meet with members of law enforcement agencies to prepare and obtain information about the rights and responsibilities of the public and the communities and to provide education and counseling to their children.
 (2) Sexual predators and habitual sex offenders pose a high risk of engaging in further offenses even after being released from imprisonment, a prison term, or other confinement and that protection of members of the public from sexual predators and habitual sex offenders is a paramount governmental interest.
* * *
 (5) A person who is found to be a sexual predator or a habitual sex offender has a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government.
 (6) The release of information about sexual predators and habitual sex offenders to public agencies and the general public will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems as long as the information released is rationally related to the furtherance of those goals.
Spencer's sexual conduct with his eleven year old adopted daughter was repeated and occurred over a period of time. Neither violence nor direct threats were involved. However, and as Spencer concedes, he played on his daughter's fear that she might not otherwise be regarded as a family member should she not submit.
A qualified psychologist with whom Spencer counseled classified him as a pedophile. The counselor's prognosis for Spencer's prospects of avoiding future misconduct with children was "guarded." However, she also noted that Spencer's misconduct was connected to his ready access to his victim, suggesting that members of the public generally are not at risk from him.
Spencer testified that his conduct with his step-daughter was rooted in his own lack of self-esteem, which was itself a result of molestation as a child. Spencer concedes that this caused him to attempt to make his intimate relationships sexual. He has worked to understand his problem so as to avoid re-offending after he is released, which requires him to consciously suppress inappropriate sexual feelings. When asked whether he nevertheless might revert to his past behavior, Spencer testified that "[i]f I don't do the things that I've determined need to be done, there's a very good possibility, yes." (T. 30).
Spencer demonstrated a sincere and genuine remorse for his misconduct. He also demonstrated an understanding of his problem and a determination to avoid misconduct in the future. He also expressed a concern to the trial court that his designation as a sexual predator would inhibit his efforts on release to assist his elderly parents and ill sister.
The issue that a sexual predator determination proceeding requires the court to make is not resolved on the basis of the offender's remorse or introspection, no matter how sincere they may be. Spencer's own candor, which is in itself commendable, demonstrates that even an offender's best efforts may be insufficient to avoid his committing sexually oriented offenses in the future. That likelihood is the focus of both the concern that the General Assembly expressed in enacting R.C. 2950.09 and the remedy it crafted.
The evidence before the trial court was sufficient to support the finding it made, which was also not against the manifest weight of the evidence. Accordingly, the assignment of error is overruled.
The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.